IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:12-CV-442-RJC-DSC

| | |
|---|---|
| **CALVIN LATIMER and SANDRA LATIMER,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **CITY OF CHARLOTTE,** | ) ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (document #17) and "Motion to Set Aside Default" (document #19), as well as the parties' briefs and exhibits. See documents ##18, 20, and 22-25.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motions be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Calvin Latimer has filed multiple lawsuits against Defendant City of Charlotte in state court over the past decade. Some of these lawsuits have included Plaintiff Sandra Latimer as a named plaintiff. The grounds for these actions appear to stem from a code enforcement action initiated by Defendant in the 1990's. Although the present Complaint and

1

Amended Complaints are unclear, phrases such as "use of land," "housing appeals used to tear down building," and "illegal demolition of building" appear to refer to the same code enforcement action. Plaintiffs reference the years 1991, 1995, 1999, 2001, and 2008 in their filings. However, the most recent injury alleged by Plaintiffs occurred in the 1990s.

Calvin Latimer filed this action on July 20, 2012. Defendant was never served with the original Complaint.

On August 24, 2012, Calvin Latimer filed the first Amended Complaint (document #7). On August 30, 2012, the Clerk issued a Summons (document #9) addressed to the Defendant's Division of Risk Management. Defendant disputes that anyone at the Division of Risk Management was authorized to accept service of process on its behalf.

On September 7, 2012, a Deputy United States Marshal served the Summons and a copy of the first Amended Complaint on Tammy Bednarik, a property claims manager at the Division of Risk Management. In its Motions and briefs, Defendant credibly represents that the City Attorney's office never received the Summons or first Amended Complaint.

That same day, Calvin Latimer filed the second Amended Complaint (document #10). No Summons was issued for the second Amended Complaint and it was never served on Defendant.

On November 26, 2012, the Honorable Robert J. Conrad, Jr. <u>ordered</u> Plaintiffs to file a motion for entry of default against Defendant or risk dismissal of their claims.

On December 3, 2012, Calvin Latimer filed what he styled a "Motion for Entry of Default and for Summary Judgment," which was treated by the Clerk as a Motion for Entry of Default.

On December 10, 2012, the Clerk <u>entered default</u> (document #16) against Defendant. The

2

Clerk mailed a copy of the Entry of Default to Defendant's legal address. The City Attorney's office received the Entry of Default on December 13, 2012. That same day, Defendant filed its Motion to Set Aside Default and Motion to Dismiss.

Defendants' Motions are ripe for determination.

## II. DISCUSSION

### A. Motion to Set Aside Default

As an initial matter, the undersigned finds that Defendant's failure to respond to the first Amended Complaint in a timely manner was the result of excusable neglect. Accordingly, the undersigned respectfully recommends that the Entry of Default be set aside.

### B. Motion to Dismiss

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a

complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Assuming arguendo that the second Amended Complaint states cognizable claims for violations of Plaintiffs' civil rights under 42 U.S.C. § 1983, they arise from events that occurred more than three years prior to the date this action was commenced on July 20, 2012. Where Congress has not enacted a statute of limitations, federal courts look to the relevant state statutes.

4

See, e.g., White v. Sun Life Assur. Co. of Canada, 488 F.3d 240, 245 (4th Cir. 2007). When a claim for damages is brought as a civil rights claim, the North Carolina Court of Appeals has held that N.C. Gen. Stat. § 1-52(16) is the relevant statute of limitations, which bars actions after three years. Faulkenbury v. Teachers' and State Employees' Retirement System of North Carolina, 108 N.C. App. 357, 367, 424 S.E.2d 420, 424-25, aff'd, 335 N.C. 158, 436 S.E.2d 821 (1993). Accordingly, Plaintiffs' claims are time-barred. The undersigned respectfully recommends that Defendant's Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss" (document #17) and "Motion to Set Aside Default" (document #19) be **GRANTED** and that the second Amended Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16

(4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs, to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: February 12, 2013

David S. Cayer
United States Magistrate Judge