UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-442-RJC-DSC

| | |
|---|---|
| CALVIN LATIMER and SANDRA LATIMER, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF CHARLOTTE, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs Calvin and Sandra Latimer's ("Plaintiffs") Motion to Revisit the Default or for Leave to File Out of Time Appeal and Supporting Memoranda, (Doc. Nos. 29, 31); Plaintiffs' Motion for Entry of Default, (Doc. No. 34); Plaintiffs' Motion for Reconsideration (Captioned as Motion to Amend), (Doc. No. 35); Plaintiffs' Motion for Summary Judgment (Captioned as Motion for Collection), (Doc. No. 36); and Defendant City of Charlotte's ("Defendant") Responses in Opposition to Plaintiffs' motions, (Doc. Nos. 30, 37).

## I. BACKGROUND

On July 20, 2012, Plaintiffs filed their original Complaint in this case against Defendant. (Doc. No. 1). Defendant was never served with the original Complaint. Plaintiffs filed their first Amended Complaint on August 24, 2012, (Doc. No. 7), and a Deputy United States Marshall served the Summons and a copy of the first Amended Complaint on the City of Charlotte Division of Risk Management on September 7, 2012, (Doc. No. 11). Also on September 7, 2012, Plaintiffs filed their second Amended Complaint, (Doc. No. 10); however, no Summons was issued for the second Amended Complaint and it was never served on Defendant.

On December 3, 2012, Plaintiffs filed a Motion for Entry of Default and for Summary Judgment, which the Clerk of Court treated as a Motion for Entry of Default. (Doc. No. 15). The Clerk entered default against Defendant on December 10, 2012. (Doc. No. 16). The Clerk mailed a copy of the Entry of Default to Defendant's legal address. The City Attorney's office received the Entry of Default on December 13, 2012. That same day, Defendant filed its Motion to Set Aside Default and Motion to Dismiss. (Doc. Nos. 17, 19). After Plaintiffs failed to respond to Defendant's Motion to Dismiss, the Court issued an Order to Show Cause for Plaintiffs' failure to prosecute. (Doc. No. 21). Plaintiffs responded to the Motion to Dismiss on January 24, 2013. (Doc. Nos. 23, 24).

On February 12, 2013, the Magistrate Judge entered a memorandum and recommendation ("M&R") recommending that Defendant's Motion to Set Aside Default and Motion to Dismiss be granted and Plaintiffs' second Amended Complaint be dismissed with prejudice. (Doc. No. 26). No party filed objections to the M&R. The Court found no clear error with the M&R and concluded that the findings of fact were supported by the record and the conclusions of law were consistent with and supported by relevant case law. (Doc. No. 27). Therefore, the Court adopted the M&R as its final decision, granted Defendant's Motion to Set Aside Default and Motion to Dismiss, and dismissed Plaintiffs' second Amended Complaint with prejudice on April 29, 2013. (Id.). The Clerk entered the final judgment, and the case was closed on the same day. (Doc. No. 28). Plaintiffs did not appeal the final judgment.

Nearly two years after the close of this case, Plaintiffs filed the first of the four motions currently pending before the Court. On February 19, 2015, Plaintiffs filed their Motion to Revisit the Default or for Leave to File Out of Time Appeal. (Doc. No. 29). On May 11, 2015, they filed their Motion for Entry of Default. (Doc. No. 34). On May 12, 2015, they filed their

Motion for Reconsideration (Captioned as Motion to Amend). (Doc. No. 35). Finally, on September 9, 2015, Plaintiffs filed their Motion for Summary Judgment (Captioned as Motion for Collection). (Doc. No. 36). These motions are ripe for adjudication.

## II. DISCUSSION

Although Plaintiffs' duplicative motions do not cite any legal authority or explain the relief sought, it appears Plaintiffs seek leave to file an out of time appeal or reconsideration of or relief from the final judgment in this case. Typically, such motions may be made pursuant to Federal Rules of Civil Procedure 59(e) or 60(b) or Federal Rule of Appellate Procedure 4(a). To the extent Plaintiffs ask the Court for relief under any of these rules, the Court finds that Plaintiffs' time to apply to this Court for a late appeal or for reconsideration of or relief from its final Order has expired.

Under Federal Rule of Appellate Procedure 4(a)(1)(A), notice of appeal in a civil case must be filed in district court within thirty days from the date of the entry of judgment. Upon a showing of excusable neglect, the district court may extend the time for filing by an additional thirty days. Fed. R. App. P. 4(a)(5).[1] However, after the expiration of the sixty-day period, neither this Court nor the Fourth Circuit Court of Appeals may grant a further extension of time. Hensley v. Chesapeake & Ohio Ry. Co., 651 F.2d 226, 228 (4th Cir. 1981). "The time requirements of Rule 4(a) are both mandatory and jurisdictional. Timely filing of a notice of appeal deprives a district court of jurisdiction over a case, and so does expiration of the time to file." Id.

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) must

---

[1] The Court notes that Federal Rule of Appellate Procedure 4(a)(6) does not apply in this case because Plaintiffs received notice of the judgment. Even if Rule 4(a)(6) applied, however, Plaintiffs' motions would fail because they were filed outside of the Rule's 180-day time limit.

be filed no later twenty-eight days after entry of the judgment. A motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b) must be made within a reasonable time, and if the motion seeks relief due to mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud by an opposing party, it must be filed no more than one year after entry of the final judgment. The Fourth Circuit has held on several occasions that a Rule 60(b) motion is not made within a reasonable time "when it is made three to four months after the original judgment and no valid reason is given for the delay." McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991). Therefore, the maximum period within which to file a motion under Rule 60(b) is one year. Finally, this Court "must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2).

The Federal Rules clearly prescribe the time limits within which these motions for relief must be filed, and the Rules just as clearly provide the district court with no authority to extend the filing periods. Both the Court's Order and the Clerk's Judgment pursuant to the Order from which Plaintiffs seek relief were entered on April 29, 2013. The first of Plaintiffs' motions was filed on February 19, 2015, which was 661 days after the entry of the final judgment in this case. Plaintiffs' motions were filed after the expiration of the sixty-day period under Appellate Rule 4(a), after the expiration of the twenty-eight-day period under Civil Rule 59(e), and after the expiration of the one-year period under Civil Rule 60(b). Therefore, the Court has no power to grant any further extension of time for Plaintiffs to appeal or attack the judgment in this case. Consequently, Plaintiffs' motions must be **denied**.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Motion to Revisit the Default or for Leave to File Out of Time Appeal,

2. (Doc. No. 29), is **DENIED**;

2. Plaintiffs' Motion for Entry of Default, (Doc. No. 34), is **DENIED**;

3. Plaintiffs' Motion for Reconsideration (Captioned as Motion to Amend), (Doc. No. 35), is **DENIED**;

4. Plaintiffs' Motion for Summary Judgment (Captioned as Motion for Collection), (Doc. No. 36), is **DENIED**; and

5. Plaintiffs are reminded that this case is closed, and they are cautioned that any further filings may result in the imposition of a pre-filing injunction against them.

Signed: October 19, 2015

Robert J. Conrad, Jr.
United States District Judge